**M. Diane KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania,**

v.

**PHICO INSURANCE COMPANY,**

**Appeal of O'Brien and Ryan, LLP.**

Supreme Court of Pennsylvania.

Oct. 17, 2006.

## *ORDER*

PER CURIAM.

**AND NOW,** this 17th day of October, 2006, the Order of the Commonwealth Court is **AFFIRMED.**

---

**6.** I have some difficulty, however, with the majority's suggestion that the approach of courts in deeming unconstitutional statutes (or ordinances) void *ab initio* is rooted in due process. *See* Majority Opinion, slip op. at 7. While certainly enactments that violate due process interests may implicate the doctrine (as is now asserted to be the case here), I believe that the void *ab initio* conception has been applied to a considerably broader range of unconstitutional legislation. *See generally* 1 Sutherland Statutory Construction § 2:7 (6th ed.2005) (citing cases). I also think that it is helpful in this arena to maintain a distinction between substantive and procedural invalidity in terms of the application of the doctrine, which, in my view, is particularly relevant to the applicability of potential exceptions.

**7.** While Appellant did not raise the due process issue in its statement of matters complained of on appeal, it had otherwise raised it before the common pleas court prior to the filing of the notice of appeal. *See, e.g.,* Appellant's Brief in Support of Land Use Appeal, at 9, *Glen–Gery Corporation v. ZHB of Dover Twp.*, No.2003–SU–02356–08, slip op. (C.P. York Dec. 22, 2003). In this regard, the common pleas court noted that it permitted the presentation of evidence at a series of hearings. *See Glen–Gery Corp. v. ZHB of Dover*, No.2003–SU–02356–08, slip op. at 3 (C.P. York Dec. 22, 2003). There are no transcripts of such proceedings in the original record as provided, however. Thus, it is impossible to assess the adequacy of Appellant's presentation from the appellate perspective at this juncture.